IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER LOWE, JR., and LEZLIE
LOWE, as successors in interest to
ROGER LOWE, SR., decedent,

     Plaintiffs,

v.                                    No. 1:25-cv-00635-DHU-LF

THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,

     Defendant.

**ORDER ON DEFEDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

THIS MATTER is before the Court on defendant Travelers Home and Marine Insurance

Company's ("Travelers") Motion to Compel Plaintiffs to Supplement their Disclosures and

Answer Travelers' Interrogatories.  Doc. 25.  In its Local Rule 7.1(a) conferral certification,

Travelers stated that plaintiffs Roger Lowe, Jr. and Lezlie Lowe opposed the motion, *id.* at 1, but

Plaintiffs did not file a response, *see* Doc. 26; D.N.M.LR-Civ. 7.1(b) ("The failure of a party to

file and serve a response in opposition to a motion within the time prescribed for doing so

constitutes consent to grant the motion.").  For the following reasons, the Court GRANTS the

motion.

**BACKGROUND**

On May 21, 2025, Plaintiffs commenced this action in the New Mexico Fourth Judicial

District Court, County of San Miguel, bringing claims of breach of contract, insurance bad faith,

violation of New Mexico's Unfair Practices Act, and unfair insurance practices against

Travelers.  Doc. 1 ¶ 1; Doc. 1-2 at 1.  Travelers removed the case to this Court on July 7, 2025,

invoking the Court's diversity jurisdiction.  Doc. 1.

On September 15, 2025, Travelers served its First Set of Written Discovery on Plaintiffs, which included twenty-three interrogatories. Doc. 25 at 2; Doc. 23 at 1. On October 24, 2025, Plaintiffs served their responses to Traveler's interrogatories as well as their initial disclosures. Doc. 25 at 2. Plaintiffs' responses to Traveler's interrogatories were signed by someone named "Ronnie Rogers," whom Travelers believes is a former employee of Roger Lowe, Sr., but who is not a party to this case. *Id.* at 5 & n.1. Travelers objected to Mr. Rogers signing the responses, and Plaintiffs served supplemental responses. *Id.* at 5. Aside from a signature from Plaintiffs' counsel as to objections, these supplemental responses were left unsigned. *Id.* at 12; *see* Doc. 25-5.

In their initial disclosures, Plaintiffs stated they "are seeking reimbursement for damages incurred by the covered loss and all amounts due under" the relevant insurance policy, as well as "incurred legal fees and expenses arising from Defendant's breach of the Policy, including fees and expenses incurred in this action." Doc. 25-4 at 4–5. Plaintiffs later supplemented these disclosures to specify that they "are seeking all amounts due under the Policy for the claim at issue in this matter, totaling $1,230,275 plus reimbursement for the replacement costs for damages incurred by the covered loss." Doc. 25-6 at 5. Plaintiffs further state that they "are also seeking its incurred legal fees and expenses arising from Defendant's breach of the Policy, including fees and expenses incurred in this action." Doc. 25-6 at 4–5.

Travelers' interrogatories cover various subjects. Interrogatory 7 asked Plaintiffs to identify the damages that Plaintiffs argue they sustained as a result of Travelers' conduct, including "the nature and extent of each type of damage being sought, method of computation, and the monetary value being sought for each type of damage." Doc. 25-2 at 6–7. Plaintiffs responded, "Plaintiffs refer Defendant to Complaint." Doc. 25-3 at 8.

2

Interrogatory 8 asked Plaintiffs to describe any and all steps they undertook to mitigate their damages.  Doc. 25-2 at 7.  Plaintiffs objected to this interrogatory because, they say, it is overly broad, not reasonably limited in time scope or subject matter, and because it seeks information that is shielded by attorney-client privilege and work product doctrine.  Doc. 25-5 at 8.

Interrogatories 12 through 22 are "contention interrogatories" in which Travelers asked Plaintiffs either for a "a complete factual basis" or to "[i]dentify with specificity each and every instance" underlying Plaintiffs' claims.  Doc. 25 at 6–8.  Defendants did not object to these interrogatories and answered, "Plaintiffs refer Defendant to Complaint," to each one.  Doc. 25-5 at 9–11.

Discovery will terminate on May 11, 2026.  In its motion, Travelers moves pursuant to Federal Rule of Civil Procedure 37 to compel Plaintiffs to (1) supplement their initial disclosures; (2) provide complete, signed responses to Travelers' interrogatories, and (3) to pay Travelers' reasonable expenses in bringing the motion.  Doc. 25 at 10–19.  Plaintiffs did not file a response to the motion, and briefing was complete on the motion on February 20, 2026.  Doc. 26.

## ANALYSIS

Federal Rule of Civil Procedure 37 provides that a party may move for an order to compel a party to make a disclosure required by Rule 26(a) and to compel an answer to an interrogatory submitted under Rule 33.  FED. R. CIV. P. 37(a)(3)(A), (B)(iii).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(4).  If the motion to compel is granted, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the

3

motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, such payment must not be ordered if the movant did not attempt in good faith to obtain the disclosure or discovery before filing the motion; if the nonmovant's nondisclosure or response was substantially justified; or if other circumstances make an order for expenses unjust. *Id.*

## I.    Initial Disclosures

The rules governing discovery require parties to disclose certain information to other parties without a discovery request, including "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses;" and "a computation of each category of damages claimed by the disclosing party" along with "the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(i), (iii).

A. Plaintiffs must disclose information about Ronnie Rogers.

Ronnie Rogers signed Plaintiffs' initial responses to Travelers' interrogatories, Doc. 25-3 at 1, but Mr. Rogers is not a party to this case. Travelers states, upon information and belief, that Mr. Rogers is a former employee of Roger Lowe, Sr. Doc. 25 at 5 n.1. Plaintiffs did not disclose Mr. Rogers in either their initial Rule 26(a) disclosures or their supplemental Rule 26(a) disclosures. *See* Doc. 25-4 at 3–4; Doc. 25-6 at 3–4. Travelers argues that Plaintiffs were required under Rule 26(a)(1)(A)(i) to disclose information about Mr. Roger's, because he evidently possesses discoverable information. Doc. 25 at 11.

4

Plaintiffs have not argued that Mr. Rogers should be exempt from their initial disclosures; they have not provided any response at all. The Court accordingly orders Plaintiffs to supplement their Rule 26(a) disclosure to provide Mr. Rogers's name and, if known, his address and telephone number. Plaintiffs also must disclose the subjects of the discoverable information that Mr. Rogers possesses.

B.  <u>Plaintiffs must disclose a computation of each category of their damages as well as the evidence on which each computation is based.</u>

In their Rule 26(a) initial disclosures, Plaintiffs did not provide a computation of each category of their damages, merely stating that they "are seeking reimbursement for damages incurred by the covered loss and all amounts due under the Policy for the claim at issue in this matter," including "incurred legal fees and expenses arising from Defendant's breach of the Policy." Doc. 25-6 at 5. Plaintiffs later supplemented this response to provide that they are seeking a total of "$1,230,275 plus reimbursement for the replacement costs for damages incurred by the covered loss." *Id.* Plaintiffs do not specify any categories of damages and refer Travelers to the insurance policy. *Id.* Plaintiffs again state that they "are also seeking [their] incurred legal fees and expenses arising from Defendant's breach of the" insurance policy. *Id.*

Defendants argue that this is an inadequate response under Rule 26(a)(1)(A)(iii) because Plaintiffs "do not state how they arrive at that number and do not provide any categories to which it belongs," and they "do not provide any documents or information in support of their damages." Doc. 25 at 11. Plaintiffs filed no response. The Court thus will order Plaintiffs to supplement their Rule 26(a) initial disclosures to include a computation of each category of damages they are claiming and to make available to Travelers for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which they have based their computation. *See* FED. R. CIV. P. 26(a)(1)(A)(iii).

## II.    Interrogatories

A.  <u>Plaintiffs must sign their responses to Travelers' interrogatories.</u>

The federal rules provide that "interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. 33(b)(3). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." FED. R. CIV. P. 33(b)(5).  This requirement is not optional, considering that "interrogatories serve not only as a discovery device but as a means of producing admissible evidence." *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) (finding plaintiff subject to sanctions for failing to sign both her interrogatory responses).

In their initial responses to the interrogatories, Plaintiffs state that "Plaintiffs by and through their counsel of record" were the only people "who prepared or assisted in the preparation of the responses to these Interrogatories."  Doc. 25-3 at 7.  Yet someone named Ronnie Rogers signed those responses. *Id.* at 12.  Mr. Rogers is not a party to this case and is not named as counsel for Plaintiffs in this matter.  Plaintiffs later served supplemental responses, but aside from Plaintiffs' counsel's signature as to objections, those responses are unsigned. *See* Doc. 25-5.  Travelers argues that Plaintiffs have violated Rule 33(b)(5) in having a nonparty sign their initial responses and in not signing their supplemental responses.  Doc. 25 at 12–14. Plaintiffs filed no response.[1]  The Court accordingly finds that Plaintiffs violated Rule 33(b)(5)

---

[1] Travelers states in its motion that during a conferral meeting, Plaintiffs' counsel "suggested that Mr. Rogers could sign on Plaintiffs' behalf because, as co-executors of the estate, Plaintiffs are 'a public or private corporation, a partnership, an association, or a governmental agency' in

by providing unsigned responses to Travelers' interrogatories.  Plaintiffs must serve

supplemental interrogatory responses that are signed in compliance with Rule 33(b)(5) to

Travelers.

B.  Plaintiffs must supplement their response to Interrogatory 7.

Interrogatory 7 asks Plaintiffs to "state the nature and extent of each type of damage

being sought, method of computation, and the monetary value being sought for each type of

damage."  Doc. 25-5 at 8.  Plaintiffs responded: "Plaintiffs refer Defendant to Complaint."  *Id.*

Defendants argue that this response is insufficient because it fails to provide information already

required by Rule 26(a), and because the complaint "does not specify what Plaintiffs' actual

damages, punitive damages, or any other category of damages amount to.  Nor does it provide

any method of computation."  Doc. 25 at 14.  Plaintiffs filed no response.

The federal rules require that "[e]ach interrogatory must, to the extent it is not objected

to, be answered separately and fully in writing under oath," FED. R. CIV. P. 33(b)(3), and "an

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose,

answer, or respond," FED. R. CIV. P. 37(a)(4).  "It is improper when responding to discovery

requests to simply refer to other pleadings or other discovery responses."  *Equal Emp.*

*Opportunity Comm'n v. Bok Fin. Corp.*, No. 1:11-cv-01132-RB-LAM, 2013 WL 12045019, at

*16 (D.N.M. Apr. 19, 2013); *see also Anderson v. United Parcel Serv., Inc.*, No. 09–2526–

KHV–DJW, 2010 WL 4822564, at *6 (D. Kan. Nov. 22, 2010) (explaining that "courts typically

hold that referring the propounding party to other pleadings, or incorporating by reference

---

accordance with the federal rules."  Doc. 25 at 12.  Plaintiffs have not raised this argument in a response, and the Court will not consider it.  *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 622 n.5 (D.N.M. 2007) ("Failure to respond to an argument is generally deemed an acquiescence.").

portions of other pleadings such as the complaint, is insufficient to answer an interrogatory"). "Interrogatory answers must be responsive, full, complete and unevasive and material outside the answers and their addendum ordinarily should not be incorporated by reference." *United States v. Travelers Cas. & Sur. Co. of Am.*, No. 1:22-cv-00242-DHU-JHR, 2023 WL 8436248, at *7 (D.N.M. Dec. 5, 2023) (citation modified).

Plaintiffs' response to Interrogatory 7 simply references the complaint and is not an adequate response. Plaintiffs must supplement their response to Interrogatory 7 to provide a complete, unevasive answer.

C. Plaintiffs must supplement their response to Interrogatory 8.

Interrogatory 8 asks Plaintiffs to "[d]escribe any and all steps that" they "undertook to mitigate any damages that" they "allege are related to or resulting from the Incident. This includes without limitation, all repairs conducted on the Property subsequent to the date of the Incident, the identity of the Person or Persons who performed such repairs, and any payments made by" them "with respect to such repairs." Doc. 25-2 at 7. Plaintiffs objected to this interrogatory before responding: "Without admitting that Plaintiffs had a duty to mitigate, none." Doc. 25-5 at 8. Travelers ask the Court to compel Plaintiffs "to immediately respond to Travelers' Interrogatory No. 8 and provide an unqualified answer." Doc. 25 at 16.

Objections to interrogatories must be made with specificity, and the objecting party bears "the burden to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules." *Davis. v. St. Anselm Exploration Co.*, No. 1:10-cv-00883-JEC-WPL, 2011 WL 13143891, at *2 (D.N.M. Sep. 2, 2011) (internal quotations omitted). General allegations that an interrogatory is overly broad are not proper; the responding party must demonstrate how the interrogatory is objectionable. *Id.*; *see also Zuniga v. Bernalillo*

*Cnty.*, No. 1:11-cv-877-RHS–ACT, 2013 WL 3328692, at *3 (D.N.M. Mar. 21, 2013) ("Unless an interrogatory is vague or overly broad on its face, the party objecting to discovery as vague or overbroad has the burden to show such vagueness or overbreadth."). Objections asserting attorney client privilege and work product doctrine similarly require a certain amount of specificity, and the "mere assertion that a document is privileged is not enough to sustain an objection." *Davis*, 2011 WL 13143891, at *2. The "objecting party must describe in detail the documents or information to be protected and must provide precise reasons for the objection to discovery." *Id.* (internal quotations omitted); *see* FED. R. CIV. P. 26(b)(5) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").

Plaintiffs first object to Interrogatory 8 on the basis "that it is overly broad, [and] is not reasonably limited in time scope or subject matter." Doc. 25-5 at 8. Plaintiffs do not explain how the interrogatory is overly broad and not reasonably limited in scope or subject matter. In their general objections before their individual responses, Plaintiffs object to Travelers' definitions for terms used in the interrogatory, but those objections are similarly conclusory. Doc. 25-5 at 5–6. Travelers responded that the "interrogatory only requests information related to Plaintiffs' efforts, if any, to mitigate following the Incident at issue in this litigation, and it does not involve any protected communications or work product." Doc. 25 at 16. Plaintiffs did not file a response. The interrogatory does not appear overly broad on its face, and Plaintiffs have not met their burden of demonstrating that the interrogatory is overly broad or not

reasonably limited in scope or subject matter; those objections accordingly are overruled.

Plaintiffs also object to Interrogatory 8 "to the extent that it seeks information that is shielded from discovery by the attorney-client privilege and/or work product doctrine." Doc. 25-5 at 8. Plaintiffs do not describe the nature of the information that is protected by privilege or work product doctrine, and it is not possible for Travelers or the Court to assess whether the privilege applies. *See* FED. R. CIV. P. 26(b)(5). The Court accordingly overrules this objection.

Notwithstanding these objections, Plaintiffs did respond, "[w]ithout admitting that Plaintiffs had a duty to mitigate, none." Doc. 25-5 at 8. Plaintiffs appear to state that they took no steps to mitigate their damages although they do not admit that they had a duty to mitigate those damages. It is not clear whether this response will change now that Plaintiffs' objections have been overruled. To the extent that Plaintiffs withheld a response to Interrogatory 8 because of those objections, Plaintiffs must supplement their response to Interrogatory 8 to provide a complete answer.

D. The Court orders Plaintiffs to provide supplemental responses to Interrogatories 12–22.

Finally, Travelers asks the Court to compel Plaintiffs to answer Interrogatories 12 through 22, which it identifies as "contention interrogatories" intended to elicit the facts underlying Plaintiffs' bad-faith and unfair-practices claims. Doc. 25 at 17. Plaintiffs responded to each of the interrogatories as follows: "Plaintiffs refer Defendant to Complaint." Doc. 25-5 at 9–11.

As explained above, each interrogatory—to the extent it is not properly objected to— must be answered fully. FED. R. CIV. P. 33(b)(3). Evasive or incomplete responses are treated as a failure to respond, FED. R. CIV. P. 37(a)(4), and "[i]t is improper when responding to discovery requests to simply refer to other pleadings or other discovery responses," *Bok Fin. Corp.*, 2013

10

WL 12045019, at *16; *Travelers Cas. & Sur. Co. of Am.*, 2023 WL 8436248, at *7 (referring the propounding party to an external document is not a proper response to a contention interrogatory).

"Contention interrogatories are interrogatories that seek to clarify the basis for or the scope of an adversary's claims," *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007), and "are used routinely in discovery," *Travelers Cas. & Sur. Co. of Am.*, 2023 WL 8436248, at *2 (citing FED. R. CIV. P. 33(a)(2) advisory committee's note to 2007 amendment). However, contention interrogatories "should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents." *Lucero*, 240 F.R.D. at 594. Rather, contention interrogatories "may ask for the material or principal facts that support a party's contentions." *Id.*; *Travelers Cas. & Sur. Co. of Am.*, 2023 WL 8436248, at *3 ("A court may limit impermissibly expansive contention interrogatories."). "Courts have considerable discretion in determining when contention interrogatories must be answered," and contention interrogatories are generally viewed more favorably when used later in discovery. *Lucero*, 240 F.R.D. at 594.

Plaintiffs did not include specific objections in their responses to Travelers' contention interrogatories, and they also did not respond to Travelers' motion to compel them to answer those interrogatories. The Court finds the use of contention interrogatories permissible under the circumstances. Discovery will terminate in a little over a month. *See Lucero*, 240 F.R.D. at 594 (finding contention interrogatories appropriate near the close of discovery). Plaintiffs impermissibly responded to the interrogatories by simply referring Travelers to the complaint. Doc. 25-5 at 9–11; *Bok Fin. Corp.*, 2013 WL 12045019, at *16. These deflective responses run afoul of the rules of discovery. *See* FED. R. CIV. P. 33(b)(3), 37(a)(4); *Travelers Cas. & Sur. Co.*

11

*of Am.*, 2023 WL 8436248, at *7 (referring a party to an external document and asking them to "figure it out" is not a proper response to a contention interrogatory).

Nonetheless, the Court has concerns with compelling Plaintiffs to answer the interrogatories as they are written. *See Sambhi v. Singh*, No. 1:09-cv-1053-MCA-KBM, 2012 WL 12831943, at *1 (D.N.M. Dec. 13, 2012) (where interrogatories asked for the "full factual and legal bases for each of the allegations," the Court found responses that only provided "material or principal facts" adequate). Interrogatories 12 and 14 ask Plaintiffs to "[i]dentify with specificity *each and every* instance" underlying Plaintiffs' bad faith and unfair practices claims. Doc. 25-2 at 7–8 (emphasis added). Interrogatories 13 and 15–22 ask Plaintiffs to "[p]rovide a *complete* factual basis" for Plaintiffs' allegations. *Id.* at 7–9 (emphasis added). Courts in this district have repeatedly rejected this language as impermissibly overbroad. *See, e.g.*, *Sambhi*, 2012 WL 12831943, at *1; *Larragoite v. City of Albuquerque*, No. 1:98-cv-01545-JC/LFG-ACE, 2002 WL 35650082, at *3 (D.N.M. Feb. 8, 2002) (explaining that requiring a responding party to provide "each and every fact . . . would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details") (internal quotations omitted)). The Court therefore orders Plaintiffs to answer Interrogatories 12 through 22 by providing the material or principal facts that support each of Plaintiffs' contentions in the various areas of inquiry. *See Sambhi*, 2012 WL 12831943, at *1 (internal quotations omitted).

### III.      Travelers' Reasonable Expenses in Bringing the Motion to Compel

When a motion to compel discovery responses or disclosures is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable

expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). "[T]he court must not order this payment," however, if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court involvement; "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." *Id.*

As the Court is granting the motion, Travelers may file an affidavit of its reasonable expenses in bringing this motion no later than April 20, 2026. Plaintiffs' response to the affidavit is due no later than fourteen days after the affidavit is filed. In their response, Plaintiffs may explain why they, their attorneys, or both should not be ordered to pay Travelers' reasonable expenses in bringing the motion. Travelers may file a reply brief no later than fourteen days after Plaintiffs' response is filed.

## CONCLUSION

For the foregoing reasons, Travelers' Motion to Compel Plaintiffs to Supplement their Disclosures and Answer Travelers' Interrogatories (Doc. 25) is GRANTED. It is therefore ordered that, no later than **May 6, 2026**,

1. Plaintiffs must supplement their Rule 26(a) initial disclosures to:
   a. disclose the name and, if known, telephone number and address of Ronnie Rogers; and
   b. disclose a computation of each category of damages claimed, as well as make available for inspection and copying documents or other evidentiary material on which each computation is based;

2. Plaintiffs must serve Travelers with supplemental interrogatory responses signed in compliance with Rule 33(b)(5);

3. Plaintiffs must supplement their response to Travelers' Interrogatories 7 and 8 to provide complete and unevasive answers; and

4. Plaintiffs must supplement their responses to Travelers' Interrogatories 12–22 to provide the material or principal facts that support Plaintiffs' contentions in each area of inquiry.

It is further ordered that

5. Travelers may file an affidavit of its reasonable expenses in bringing this motion no later than **April 20, 2026**. Plaintiffs' response to the affidavit is due no later than **fourteen days** after the affidavit is filed. In their response, Plaintiffs may explain why they, their attorneys, or both should not be ordered to pay Travelers' reasonable expenses in bringing the motion. Travelers may file a reply brief no later than **fourteen days** after Plaintiffs' response is filed.

_____
Laura Fashing
United States Magistrate Judge

14